### Holcomb v. Collins, et al.

(Decided April 26, 1922.)

#### Appeal from Letcher Circuit Court.

1. Adverse Possession—Boundaries—Deeds—Color of Title—Sufficiency of Description.—A boundary described in a deed containing the calls "Thence west with the limestone cliffs to Hardin Holcomb's line; thence north with said line to the top of the Ky. ridge," is not well defined where Hardin Holcomb's line was not fixed by a patent, survey or deed, or by marked lines.

2. Adverse Possession—Boundaries—Deeds—Color of Title—Sufficiency of Description.—Under a deed containing the call, "Thence east with the top of said ridge (Ky. ridge) to the beginning," the boundary is not well defined, where, in order to reach the beginning, you have to leave the top of the ridge at an arbitrary point and go down a spur which cannot be regarded as the top of the ridge, thereby making it necessary to supply a line not included in the deed.

3. Adverse Possession—Boundaries—Deeds.—The rule that a boundary is well defined when it can be located by a surveyor does not apply where the location is arbitrary, and is not authorized by the description contained in the deed.

DAVID HAYS and MORRIS & JONES for appellant.

D. D. FIELDS for appellees.

Opinion of the Court by Judge Clay—Affirming.

Jasper Collins and W. W. Sergent brought suit against the Swift Coal and Timber Company and Leland H. Moss, to recover the sum of $1,257.08, being the balance alleged to be due on the purchase price of certain land which they had sold to defendants by title bond.

The Swift Coal and Timber Company admitted its liability, but alleged that John D. Holcomb and certain heirs of Eli Hall were claiming title to the land, and asked that they be made parties and the question of title adjudicated. Holcomb filed an answer and cross petition, asserting title to the land by adverse possession. During the progress of the action plaintiffs acquired a 62/63 undivided interest in the land from certain heirs of Eli Hall, leaving Marie Hall, Omilee Hall, Armenia Hall, Arnold Hall, Alfred Hall and Delilah Stidham, the owners of the other 1/63 interest. On final hearing the answer and cross petition of John D. Holcomb was dismissed and plaintiffs were adjudged to be the owners of the 62/63 undivided interest in the land, while the above named heirs of Eli Hall were adjudged to be the owners of the remaining 1/63 acres. Holcomb appeals.

The Hall heirs and plaintiffs derived their title through Eli Hall, who patented the land in the year 1873. Appellant claims title in the following way: In the year 1866, Henderson Holcomb conveyed a large tract of land, embracing the land in controversy, to appellant's father, John Holcomb, who subsequently conveyed the same tract of land to appellant. Ever since the conveyance of 1866, appellant, and those through whom he claims, have been in the adverse possession of the land, claiming the same to a well defined boundary.

The case turns on whether the boundary described in the deed from Henderson Holcomb to John Holcomb is well defined. The description is as follows:

"Beginning on a slippery elm on the north side of the Linefork; thence S. 4 poles to the Linefork; thence E. with the water 25 poles to a spruce pine; thence S. 40 E. 150 poles to the Limestone Cliffs; thence west with the Limestone Cliffs to Hardin Holcomb's line; thence north with said line to the top of the Kentucky Ridge; thence east with the top of said ridge to the beginning, containing 200 acres more or less."

Taking up the call, "Thence west with the Limestone Cliffs to Hardin Holcomb's line," and the next call, "Thence north with said line to the top of the Kentucky Ridge," we find that, at the time the deed was made, Hardin Holcomb owned a fifty acre survey dated November 13, 1851. This survey, however, ended at a beech and hickory on the right hand side of Linefork, and some distance from the limestone cliffs. While there was

some evidence that Hardin Holcomb owned the land west of the Henderson Holcomb land, it was not shown that Hardin Holcomb had a patent, survey or deed covering any land between the beech and hickory corner and the limestone cliffs. Though Jesse Holcomb, the present owner of Hardin Holcomb's land, says that his father claimed to a line and sold the land to him up to a straight line from the beech and hickory to the limestone cliffs, it was not shown that the line between these points was marked, and it is clear from the evidence that neither Jesse Holcomb, nor John Holcomb, the grantee in the deed of 1866, knew where the line was between these two points. In view of these circumstances, the boundary was not well defined, but was a variable, unknown and uncertain line that no one could locate.

The last call is, ''Thence east with the top of said ridge to the beginning.'' The Kentucky ridge starts at the head of Linefork and runs down between the waters of Linefork and adjacent streams to the mouth of Defeated creek. The ridge is many miles in length. Here and there there are numerous spurs and minor streams, but they are all higher than the main stream. Appellant's evidence was to the effect that there was a well defined spur leading from a point on the Kentucky ridge about one mile north of the beginning corner down to the beginning corner, and the claim is made that this line is well defined and should be followed. Unfortunately for this contention, the call is, ''Thence east with the top of said ridge to the beginning.'' If you go east and continue with the top of the ridge, you will never reach the point of beginning. To reach the point of beginning you have to leave the top of the ridge at an arbitrary point and go down a spur which cannot be regarded as the top of the ridge. The result is that you have to supply a line not included in the deed.

In view of the fact that it is impossible to locate with reasonable certainty the line between the limestone cliffs and the top of the ridge, and between the top of the ridge and the point of beginning, it necessarily follows that the boundary is not well defined. Lipps v. Turner, 164 Ky. 630, 176 S. W. 42.

But it is contended that a boundary is well defined when it can be located by a surveyor, and that the boundary in this instance was located by two surveyors. The difficulty with this contention grows out of the fact that

the location made by the surveyors was arbitrary, and was not authorized by the description contained in the deed.

Judgment affirmed.